# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:21CR00024-018 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DANNY L. MULLINS, JR.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Daniel J. Murphy*, Assistant United States Attorney, Abingdon, Virginia, for United States; *Linda G. Willis*, Bedford, Virginia, for Defendant.

This Opinion and Order elaborates on the oral rulings made by the court on May 12, 2022, on the Motion to Withdraw as Counsel filed by appointed counsel, Linda G. Willis, as well as the defendant's Motion to Remove Current Counsel and to Proceed as a Pro Se Litigant.

The defendant, Danny L. Mullins, Jr., is the last of 23 persons charged by Indictment returned April 28, 2021, charging crimes relating to the submission of fraudulent applications for government unemployment benefits because of the COVID-19 pandemic. All of the other defendants have either gone to trial or pled guilty.

From the beginning, the defendant has asserted his innocence, claiming that he was entitled to such benefits, although he in fact never received them. John E.

Jessee, a member of the court's Criminal Justice Act panel, was appointed for the defendant after his arrest. On May 26, 2021, the magistrate judge directed that the defendant be evaluated for competency by a local licensed clinical psychologist, but the psychologist later reported that the defendant had refused to meet with him. Accordingly, on July 12, 2021, the magistrate judge committed the defendant to the custody of the Bureau of Prisons for a psychiatric or psychological examination.

By written report dated December 27, 2021, received by the court on January 5, 2022, a forensic psychologist with the Bureau of Prisons reported that in her opinion the defendant was competent to stand trial. The defendant was returned to this court and on January 11, 2022, after a hearing, the magistrate judge agreed.

The defendant was unable to get along with his court-appointed lawyer and on several occasions the attorney asked that he be relieved. Finally, on the attorney's third motion in this regard, the magistrate judge, by order of February 2, 2022, permitted attorney Jessee to withdraw. Attorney Linda G. Willis was appointed in his place. In order to adequately prepare for trial, attorney Willis moved for a continuance, which was granted, and the trial was reset by the court to begin August 9, 2022.

The government offered a plea agreement to the defendant under Federal Rule of Criminal Procedure 11(c)(1)(C), which, if accepted by the defendant and the court, would likely have resulted in a sentence of time served. The defendant

rejected the plea offer, and the present motions were filed by attorney Willis and the defendant.

*Motion for Self-Representation.*

As recently noted,

> The right for a defendant to represent himself has long been acknowledged in the federal courts. *Faretta v. California*, 422 U.S. 806, 813 (1975). However, before a defendant is permitted to assert this right, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* at 835 (internal quotation marks and citation omitted). The United States Court of Appeals for the Fourth Circuit has stated that the applicable standard for self-representation is that the defendant's assertion of the right must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005).

*United States v. Jaqu*, No. 3:19-CR-302-JMC, 2021 WL 1268377, at *1 (D.S.C. Apr. 6, 2021). In the present case, in light of the current August trial date, I find that the request is timely. The defendant's assertion of this right is certainly clear and unequivocal. Based on my review of the record, and my extended colloquy with the defendant at the *Faretta* hearing, I find that his request is knowing, intelligent, and voluntary.

The defendant is 50 years old. He reports that he had a normal childhood and attended regular classes in school but dropped out of high school in the 10th grade. He later received his GED and has since attended technical school for building trades and welding. He has a lengthy work history, as well as an extensive criminal history,

including assaults, forgery, identity theft, and drug crimes. He was on state supervised probation at the time of his arrest in this case.

According to the evaluation conducted at the Bureau of Prisons, the defendant has a self-reported history of mental health treatment between 2000 and 2005 by medication with antidepressants but he denied any psychiatric hospitalizations. He advised the evaluator that he identified himself as manic-depressive, but "ha[s] learned to deal with this issue without medication." Report 4, ECF No. 576. The evaluator found that the defendant's "thought processes were rational, coherent, and organized" and "devoid of delusional content." *Id.* at 5. He received a psychiatric consultation at the Bureau of Prisons, but the psychiatrist advised that "medications did not appear indicated." *Id.*

The Bureau of Prisons report further noted that the defendant "displayed an ability to communicate adequately" and is "capable of understanding his options and making rational choices among them." *Id.* at 8. Moreover, according to the evaluator, "[t]he defendant appears to have the reasoning capability to choose between alternatives when important decisions are at stake." *Id.*

My observations of the defendant in court proceedings do not lead me to any conclusions contrary to the evaluation report. While it may be correct that "the ability to stand trial *without* counsel requires a level of [mental] competence that exceeds that required to stand trial *with* counsel," *United States v. Roof*, 10 F.4th

314, 362 (4th Cir. 2021), *petition for cert. docketed*, No. 21-7234 (U.S. Mar. 1, 2022), I find that the requisite competency exists here. One may certainly question the wisdom of the defendant's decision to represent himself, but I am obligated to accept that decision under the circumstances of this case.[1] I have appropriately warned the defendant of the dangers of self-representation and assured myself that "the defendant knows the charges against him, the possible punishment[,] and the manner in which an attorney can be of assistance." *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978).

*Appointment of Standby Counsel.*

When a defendant chooses to represent himself, the court may appoint standby counsel to assist him. *See McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). I have determined to appoint standby counsel for the defendant. The defendant's present counsel, Linda G. Willis, has agreed to this limited status.

It is understood that "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." *Id.* at 178. Standby counsel's

---

[1] "A trial court evaluating a defendant's request to represent himself must traverse a thin line between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995) (en banc) (internal quotation marks, alterations, and citations omitted).

role is to do what the defendant requests and the court permits, without interfering with the defendant's right to self-representation. The court has "broad discretion to guide what, if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998). In this case, particularly because the defendant has made clear that he does not need or trust a lawyer's advice as to substantive issues, I will limit standby counsel's role to purely procedural matters at trial, as well as assisting in any pretrial issues, such as obtaining the attendance of defense witnesses, if and when such advice or assistance is expressly requested by the defendant.[2]

### *Request to be Released on Bond.*

Mullins has been in custody since his arrest on April 2, 2021. He requests that he be released on conditions in order to allow him to better prepare for trial. In ordering his detention, the magistrate judge found that the "clear and convincing evidence show[ed] that the defendant is a danger to the community or others if released pending trial in that there are no conditions or combinations of conditions by which the defendant will abide." Order 1, Apr. 14, 2021, ECF No. 18. This finding was supported by detailed factual determinations, none of which have been

---

[2] It is held that a defendant cannot bring an ineffective assistance of counsel claim based on standby counsel's actions or inactions since there is no constitutional right to standby counsel. *United States v. Oliver*, 630 F.3d 397, 413–14 (5th Cir. 2011) (citing cases).

called into question.  The issues at the defendant's trial are unlikely to be complicated or prolonged.  He fully understands the nature of his defense and has the assistance of standby counsel, if needed, to obtain any relevant witnesses or other evidence.  Accordingly, I will not remove his present detention.

*Conclusion.*

For the reasons stated, it is **ORDERED** as follows:

1. The Motion to Withdraw as Counsel, ECF No. 792, is GRANTED IN PART and DENIED IN PART.  Attorney Linda G. Willis is terminated as regular counsel, and instead is designated as standby counsel with the duties as described herein.  If at any time attorney Willis is uncertain of her obligations hereunder, she may apply to the court on an ex parte basis for the court's direction;

2. The defendant's Motion to Remove Current Counsel and to Proceed as a Pro Se Litigant, ECF No. 791, is GRANTED;

3. The defendant's oral motion to be released from detention pending trial is DENIED; and

4. The Clerk shall send a copy of this Opinion and Order to the defendant at his place of confinement.

ENTER:  May 16, 2022

/s/  JAMES P. JONES
Senior United States District Judge